UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RISHAD J., | Case No. 2:24-cv-01632-NJK |
| Plaintiff, | **Order** |
| v. | |
| FRANK BISIGNANO, | |
| Defendant. | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's motion to reverse and remand. Docket No. 14. The Commissioner filed a responsive brief.[1] Docket No. 17. Plaintiff did not file a reply. *See* Docket. The parties consent to resolution of this matter by the undersigned magistrate judge. Docket No. 4; *see also* Gen. Order. 2023-12.

**I.    STANDARDS**

    A.    Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action...brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing

---

[1] The Commissioner used the wrong Plaintiff's name. *See* Docket No. 17 at 1. Further, the Commissioner submitted a barebones briefing that is lacking in analysis and citations. The Court expects better.

the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id*.

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id*. To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 139 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.  Benefits Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not

disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the residual

functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On October 21, 2022, Plaintiff filed an application for disability and disability insurance benefits with an alleged onset date of May 20, 2013. *See, e.g.,* Administrative Record ("A.R.") 207-208. Plaintiff's application was denied initially and again on reconsideration. A.R. 114-122, 125-133. Plaintiff filed a request for a hearing before an administrative law judge. A.R. 156-157. On February 29, 2024, Plaintiff and a vocational expert appeared for a hearing before ALJ Cynthia Hoover. *See* A.R. 48-81. On March 19, 2024, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of decision. A.R. 24-42. The Appeals Council denied Plaintiff's request for review. A.R. 1-6. On September 3, 2024, Plaintiff commenced suit seeking judicial review. Docket No. 1.

### B.   The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a).[2] A.R. 26-42. At step one, the ALJ found that Plaintiff engaged in SGA

---

[2] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130. The ALJ found that Plaintiff met the insured status requirement through March 31, 2026. A.R. 26.

5

from May 20, 2013, through January 1, 2017. A.R. 26-27. However, the ALJ found that there was a continuous 12-month period during which Plaintiff did not engage in SGA and, therefore, her findings address the period Plaintiff did not engage in SGA. A.R. 27. At step three, the ALJ found that Plaintiff had the following severe impairments: digestive disorder and trauma-and stressor-related disorder. A.R. 27-28. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. A.R. 28-30. The ALJ found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except [he] can understand, remember, and carry out simple tasks, with concentration, persistence and pace for such work; and only [have] occasional contact with others, such as coworkers, and the public, in brief, casual encounters.

A.R. 30-40. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. A.R. 40-41. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. A.R. 41-42. Based on all of these findings, the ALJ found Plaintiff not disabled from the alleged onset date through the date of her decision. A.R. 42.

### III. ANALYSIS

Plaintiff submits that the ALJ's RFC is not supported by substantial evidence. Docket No. 14 at 5.[3] Specifically, Plaintiff submits that the ALJ failed to include the limitations of the state agency medical consultants, and instead, assessed limitations that were not identified by either consultant. *Id*. at 6. The Commissioner responds that substantial evidence supports the ALJ's assessment of the prior administrative medical findings. Docket No. 17 at 3.

"[R]esidual functional capacity is the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC determination considers all medically determinable impairments, including those that are not severe. *Id*. at §§ 404.1545(a), 416.945(a). The RFC assessment must consider all evidence in the record and "contain a thorough discussion of the objective medical and other evidence." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir.

---

[3] The Court's citations refer to the CM/ECF pagination.

2017) (citing Social Security Ruling 96-8p, 61 Fed. Reg 34474, 34478 (July 2, 1996)). "The RFC is an administrative assessment of the extent to which an individual's medically determinable impairments...may affect his or her capacity to do work-related physical and mental activities." *Id*. (quoting SSR 96-8p, 61 Fed. Reg at 34475). "[A]t the administrative law judge hearing level...the administrative law judge...is responsible for assessing [Plaintiff's] residual functional capacity." 20 C.F.R. §§ 404.1546(c), 416.946(c). The residual functional capacity determination does not need to copy the exact opinion of any particular doctor, but "the ALJ is responsible for translating and incorporating clinical findings into a succinct" residual functional capacity. *Rounds v. Commissioner*, 795 F.3d 1177, 1185-86 (9th Cir. 2015), *as amended*, 807 F.3d 996, 1005-06 (9th Cir. 2015).

Plaintiff submits that the ALJ assessed limitations that were not identified by either of the state agency medical consultants. Docket No. 14 at 6. Plaintiff submits that the ALJ failed to include the limitation "brief, casual encounters with supervisors," by instead determining that Plaintiff's RFC is limited to "occasional contact with others, such as coworkers, and the public, in brief, casual encounters." Docket No. 14 at 6. Plaintiff submits that adding the restriction of "occasional contact" is an error because it was not identified by either state agency medical consultant.[4] *Id*. Plaintiff submits that "no where did they limit [Plaintiff] to occasional interaction with others such as coworkers and public – rather it was clear their limitation pertains to public, supervisors, and coworkers." *Id*. The Commissioner responds that the ALJ did not omit the restriction to "brief, casual" encounters, but included it in addition to the restriction of "occasional contact with others." Docket No. 17 at 3.

The ALJ summarized Dr. Araza's and Dr. Olivares' opinions and found them to be persuasive. A.R. 39. Specifically, the ALJ found that Araza's and Olivares' opinions that Plaintiff could interact appropriately in brief, casual encounters with the public, supervisors, and coworkers, *see* A.R. 120-121, 131-132, were persuasive because they were supported by the consultants'

---

[4] Dr. Ribeiro's assessment also limited Plaintiff to occasional interactions with coworkers and found that Plaintiff's ability to interact appropriately with the general public was moderately limited. A.R. 95.

review of the record. A.R. 39. For example, the consultants reviewed medical records that showed that Plaintiff had presented as irritable and reported anger outbursts at work. A.R. 39; *see also* A.R. 117. Plaintiff was also combative and disruptive during a hospital stay. A.R. 706. However, on reconsideration, Plaintiff had an unremarkable mental status examination. A.R. 39; *see also* A.R. 128. While Plaintiff's attention and concentration were mediocre, he could complete most self-care, leisure activities, and household tasks independently. A.R. 532.

The Court finds that the ALJ's determination is supported by substantial evidence. Evidence exists in the record of Plaintiff's irritable mood, and angry, disruptive behavior. A.R. 117, 706. As such, the ALJ determined that Plaintiff should not only be limited to brief encounters, but also to occasional encounters. A.R. 39. Even if the ALJ erred by including an additional limitation, any "overinclusion of debilitating factors is harmless." *Johnson v. Shalala*, 60 F. 3d 1428, 1436 n.9 (9th Cir. 1995).

Plaintiff provides no relevant case law in support of his contention that an ALJ's determination must follow a medical opinion exactly. Instead, the regulations simply state that the ALJ must base the RFC on all the relevant evidence in the case record. 20 C.F.R. § 404.1545(a). Plaintiff submits that "it is questionable that an activity that [] can occur for up to one-third of the time…can also be characterized as 'brief.'" Docket No. 14 at 7. While there is a difference between "occasional" and "brief" in certain scenarios, in the instant matter, the ALJ included both in Plaintiff's RFC. A.R. 34; *see also Tonya T. v. Kijakazi*, No. 2:22-CV-1215-BNW, 2023 WL 7404075, at *4 (D. Nev. Nov. 8, 2023) (finding that "occasional" is not consistent with "brief" when the ALJ's RFC accounts for "occasional" interaction and the medical doctors' opinion accounts for "brief" interaction). Plaintiff's cited inapplicable case law focuses on situations where an ALJ finds that the doctors' opinions that limit the claimant to brief contact are persuasive and consistent with the medical record, but then limits the claimants only to occasional contact in their RFC determination. *See* Docket No. 14 at 17; *cf. Bishton v. Kijakazi*, No. 2:20-CV-136-TLS, 2021 WL 5564309, at *8 (N.D. Ind. Nov. 29, 2021). Yet, he fails to grapple with the reality that the ALJ provided both limitations in her RFC determination. *See* A.R. 30. Plaintiff also fails to explain how "brief, casual" encounters with "others, such as coworkers, and the public" is different

8

than "brief, casual encounters with supervisors." Docket No. 14 at 6; *see also* A.R. 30. There is no indication that the use of coworkers and the public as examples in the ALJ's RFC was meant to exclude supervisors.

Moreover, Plaintiff fails to show, that even if this determination is error, it is harmful. "To establish eligibility for Social Security disability benefits, a claimant has the burden to prove he is disabled." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). On appeal, the claimant bears the burden of establishing that the Commissioner erred. *Ludwig v. Astrue*, 681 F.3d 1047, 681 F.3d 1047, 1054 (9th Cir. 2012). In addition, "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009). "[B]ald assertions" supported by "little if any analysis" do not assist the reviewing Court in evaluating the issues on appeal. *See Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[5] Such undeveloped arguments are deemed waived. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also, e.g., Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996).

Plaintiff has not provided meaningful argument as to how the ALJ's alleged error is harmful, or even how the ALJ's finding was unsupported by substantial evidence. *See* Docket No. 14. "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997); *see also, e.g.*, *Ahearn v. Saul*, 988 F.3d 1111, 1115-16 (9th Cir. 2021) ("We may not reweigh the evidence or substitute our judgment for that of the ALJ. The ALJ is responsible for determining

---

[5] As explained by the Ninth Circuit:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so.

*Id.*

9

credibility, resolving conflicts in medical testimony, and for resolving ambiguities. When the evidence can rationally be interpreted in more than one way, the court must uphold the [ALJ's] decision" (citations and internal quotations omitted)). Plaintiff has failed to demonstrate that the ALJ erred.

## IV.     CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's motion to reverse and remand. Docket No. 14. The decision below is **AFFIRMED**. The Clerk's Office is **INSTRUCTED** to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

Dated: July 8, 2025

                                                                               _____
                                                                               Nancy J. Koppe
                                                                               United States Magistrate Judge